**Afsar HOSSAIN, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70789.

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 10, 2004.*

Decided May 19, 2004.

Reynold E. Finnegan, Esq., Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Afsar Hossain, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review de novo all questions of law with regard to the Immigration and Nationality Act ("INA"), but give substantial deference to the agency's interpretation. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We dismiss the petition for review.

This Court lacks jurisdiction to review the IJ's determination that no "extraordinary circumstances" excused Petitioner's

untimely filing of his asylum application, *see* 8 U.S.C. § 1158(a)(2)(D), as this court is barred from reviewing any determination made by the IJ pursuant to 8 U.S.C. § 1158(a)(2). *See id.* § 1158(a)(3); *Molina-Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002).

This court also lacks jurisdiction to review Petitioner's challenge to the IJ's denial of withholding of removal and CAT relief because Petitioner did not raise these claims before the BIA or before this Court. *See Hakeem v. INS,* 273 F.3d 812, 815 n. 2 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.