Carlos Cabuyales **LOPEZ**; et al., Petitioners,

v.

Alberto R. **GONZALES**,* Attorney General, Respondent.

No. 03–71493.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2005.**

Decided May 11, 2005.

Simon Salinas, Esq., Tustin, CA, for Petitioners.

---

7. *See* 8 C.F.R. §§ 208.16(c)(4), 208.17(a).

8. *See* 8 C.F.R. § 208.16(c)(4).

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA; Richard M. Evans, Esq., and Marion E. Guyton, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,\*\*\* District Judge.

## MEMORANDUM \*\*\*\*

Carlos Cabuyales Lopez and Fanny Ruth Arteaga, a married couple, and their two minor children, Juan David Cabuyales Arteaga and Katherine Cabuyales Arteaga, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal.[1] The IJ denied the petitioners' asylum claim because they failed to file it within one year of entering the United States without extraordinary circumstances to excuse the untimeliness. We lack jurisdiction to review that determination, and accordingly we dismiss the petition for review as to the asylum claim. *See* 8 U.S.C. § 1158(a)(3); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

We have jurisdiction over the petition under 8 U.S.C. § 1252(a) as to the petitioners' claim for withholding of removal, and we review for substantial evidence the IJ's determination that they did not demonstrate eligibility for withholding. *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). The IJ found that the petitioners' testimony was not credible.[2] That finding is supported by substantial evidence. The IJ noted specific inconsistencies and implausibilities going to the heart of the petitioners' claim, including (1) Cabuyales's failure to mention the January 1998 confrontation with FARC members in his initial application, *cf. Rodriguez–Rivera v. U.S. Dep't of Immigration and Naturalization*, 848 F.2d 998, 1006 (9th Cir. 1988); (2) the implausibility that Arteaga would not have told her husband about the three visits to their home by guerilla agents; and (3) the petitioners' willingness to stay in the Cali area of Colombia for more than six months after the January 1998 incident that forms the heart of their claim. Those findings are supported by the record and would suffice to support the IJ's credibility determination even if we found that other factors cited by the IJ were unsupported. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). Accordingly we deny the petition as to the claim for withholding of removal.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.

---

\*\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All petitioners are citizens of Colombia.

2. Despite the petitioners' argument otherwise, we find that the IJ's decision as a whole clearly and unambiguously indicates that the IJ deemed the petitioners' testimony incredible.