**Hector MARTINEZ–ROMANO,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–70759.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

MEMORANDUM **

Hector Martinez–Romano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), and we deny the petition for review.

Martinez–Romano contends that 8 U.S.C. § 1229b(d)(1), providing that the accrual of physical presence stops upon service of the notice to appear, conflicts with 8 U.S.C. § 1229b(b)(1)(A), providing that an alien must prove ten years of continuous physical presence immediately preceding an application for cancellation of removal. Martinez–Romano further contends that he should have continued to accrue physical presence until he filed his cancellation of removal application despite the intervening service of the notice to appear. We reject Martinez–Romano's contention because it would render 8 U.S.C. § 1229b(d)(1) meaningless. *See Padash v. INS,* 358 F.3d 1161, 1170–71 (9th Cir.2004) (The court "must make every effort not to interpret the provision at issue in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous.") (citations omitted). Accordingly, the IJ properly determined that Martinez–Romano could not establish ten years of continuous physical presence.

We need not consider separately whether the Board erred by streamlining Martinez–Romano's case because we conclude that he is not entitled to relief in this petition for review. *See Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

BIA's merits determination and decision to streamline ordinarily collapse into one).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.