Victor Hugo SALAZAR–JUAREZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 03–73839.

United States Court of Appeals,
Ninth Circuit.

Submitted May 3, 2006.*

Filed May 15, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**654**

Alejandro Garcia, City of Commerce, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Esq., John D. Williams, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LAY,** KLEINFELD, and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Victor Hugo Salazar–Juarez, a native and citizen of Guatemala, appeals the Board of Immigration Appeals' ("BIA") denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). We dismiss his asylum claim for lack of jurisdiction and deny his petition for review regarding his remaining claims.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Salazar–Juarez first argues that the untimeliness of his asylum petition should be excused because he entered the United States at the age of eighteen alone, with no family to help or support him. However, "[o]ur jurisdiction to review a rejection of an asylum application as untimely ... is precluded by statute." *Lanza v. Ashcroft*, 389 F.3d 917, 924 (9th Cir.2004); *see also* 8 U.S.C. § 1158(a)(3). We also "lack jurisdiction to review the BIA's determination that no 'extraordinary circumstances' excused [a] Petitioner's untimely filing of his application for asylum." *Molina–Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir.2002) (quoting 8 U.S.C. § 1158(a)(2)(D)).

Having concluded that this court lacks jurisdiction to review Salazar–Juarez's asylum claim, we turn to his argument that the BIA erred in denying his application for "restriction of removal." It appears Salazar–Juarez uses the phrase "restriction of removal" to refer to his petitions for withholding under the INA and CAT.

The BIA adopted the Immigration Judge's ("IJ") decision on Salazar–Juarez's withholding claims as its own. Thus, we treat the IJ's statement of reasons as the BIA's. *Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir.2004). To be eligible for withholding of removal under the INA, a petitioner must establish a clear probability that the petitioner's "life or freedom would be threatened" upon return because of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To be eligible for relief under CAT, a petitioner has the burden of proving that "it is more likely than not that he ... would be tortured if removed." *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005) (citation and

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quotation omitted); *see* 8 C.F.R. § 208.16(c)(2).

After reviewing the record, we conclude "reasonable, substantial, and probative evidence on the record considered as a whole" supports the IJ's denials of Salazar–Juarez's applications for withholding under the INA and CAT. *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "The substantial evidence standard is highly deferential to the Board, and for us to overturn the Board's decision, [the petitioner] must show that the evidence compels reversal." *Chebchoub v. I.N.S.,* 257 F.3d 1038, 1042 (9th Cir.2001). The evidence presented by Salazar–Juarez does not compel the conclusion that he has established a clear probability that his life or freedom would be threatened upon return on account of imputed political opinion. Similarly, the evidence does not compel the conclusion that it is more likely than not that Salazar–Juarez will be tortured if he returns to Guatemala.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.