**Serzhik AROYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73565.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 2005.*

Decided June 5, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

lum application, he states that he fears persecution from members of the Yerkrapah organization for his opposition to their illegal activities. We dismiss the petition in part and grant in part.

### A. *Asylum*

■ We lack jurisdiction to consider the BIA's decision that Aroyan is ineligible for asylum under the one-year bar, and that no "extraordinary circumstances" excused Aroyan's untimely filing of his asylum application. *See* 8 U.S.C. § 1158(a)(2)(B); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

### B. *Withholding of Removal*

We have jurisdiction under 8 U.S.C. § 1252 to review Aroyan's withholding of removal claim, which is not time-barred. We review for substantial evidence the BIA's denial of withholding of removal. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). The IJ determined that Aroyan was not eligible for withholding of removal for two reasons: (1) because Aroyan participated in the persecution of others, and therefore withholding of deportation was not available; *see* 8 U.S.C. § 1231(b)(3)(B)(i); and (2) because he was not persecuted on account of his political opinion.

### 1. *Persecution of Others*

■ The IJ's finding that Aroyan persecuted others is not supported by substantial evidence. The IJ found that Aroyan was a high-ranking and active member of Yerkrapah, a paramilitary political organization with documented human rights abuses in Armenia, including persecution

Yeznik O. Kazandjian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Larry P. Cote, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, COWEN,** and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Serzhik Aroyan, a native and citizen of Armenia, and his spouse, Gayane Aroyan, a native and citizen of Armenia, (hereinafter referred to together as "Aroyan") petition for review of the decision of the Board of Immigration Appeals (BIA) summarily affirming the decision of the immigration judge (IJ) denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Aroyan claims persecution on account of his political opinion. In his asy-

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of religious minorities. Aroyan, however, denied knowledge of any abuses against religious minorities, and his testimony was not found incredible. Without a more specific finding of personal knowledge and individual accountability for specific acts of persecution, Aroyan's membership and leadership role in Yerkrapah, standing alone, is insufficient to support a finding that he persecuted others under 8 U.S.C. § 1231(b)(3)(B)(i). *See Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1252 (9th Cir. 2004).

### 2. *Persecution on Account of Political Opinion*

The IJ's finding that Aroyan was not persecuted on account of his political opinion is not supported by substantial evidence. The IJ determined that Aroyan "did not express a political opinion by being opposed to the drafting policies of the government." The IJ misconstrued Aroyan's claim. Aroyan claimed he was opposed to the corruption regarding the drafting policies of the government.

"[A]n asylum applicant must satisfy two requirements in order to show that he was persecuted 'on account of' a political opinion. First, the applicant must show that he held (or his persecutors believe that he held) a political opinion. Second, the applicant must show that his persecutors persecuted him (or that he faces the prospect of such persecution) *because of* his political opinion." *Navas v. INS*, 217 F.3d 646, 656 (9th Cir.2000) (internal citation omitted).

Aroyan's written application and his testimony disclose that he waged a campaign against corruption perpetrated and condoned by the Yerkrapah organization involving conscription into the Armenian military. Aroyan testified that he spoke to an official in the Armenian Ministry of Defense about the corruption. The offi-

cial hit Aroyan on the face and called three bodyguards who beat Aroyan for five to ten minutes. Aroyan later confronted the founder and president of Yerkrapah, Vazgen Sarkisyan [also spelled in record "Sarkissyan" and "Sargsian"], who was then the Armenian Defense Minister. Sarkisyan slapped Aroyan and called his bodyguards to take Aroyan to a military jail. Aroyan was jailed for five days and suffered several beatings requiring hospitalization. After his release from the hospital, Aroyan submitted his resignation of membership from the Yerkrapah organization. Thereafter, Aroyan organized two protests. Yerkrapah members, accompanied by policemen, retaliated by threatening Aroyan, searching his home, and confining Aroyan in the Interior Affairs Ministry. Aroyan was confined for three days, beaten, then taken by Yerkrapah members and the police, and abandoned in a field.

Retaliation against those who expose governmental corruption "may, in appropriate circumstances, amount to persecution on account of political opinion." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000). The "salient question" is whether the petitioner's opposition to corruption was "directed toward a governing institution or only against individuals whose corruption was aberrational." *Id.* Aroyan, citing *Grava*, argues that the corruption in the Yerkrapah organization was "inextricably intertwined with governmental operation," because several of Yerkrapah's high-ranking members were also government officials. He argues that the exposure of such as abuse of public trust is necessarily political. We need not resolve whether the corruption in the Yerkrapah organization was intertwined with the Armenian government operation. Aroyan established that he confronted officials in the Armenian Defense Ministry about their complicity in the Yerkrapah conscription cor-

ruption and, on at least two occasions, Aroyan was detained and beaten by bodyguards of government officials and held in a military jail. Aroyan's whistleblowing actions exposing the corruption in the Yerkrapah organization led to retaliation by persons representing the Armenian government. *See Grava*, 205 F.3d at 1181 n. 3 (distinguishing personal retaliation "completely untethered to a governmental system" from personal retaliation against a vocal political opponent). Therefore, the IJ's determination that Aroyan was not persecuted on account of his political opinion is not supported by substantial evidence.

"To establish eligibility for withholding of removal, an applicant must meet a more stringent standard of proof than is required for asylum." *Guo v. Ashcroft*, 361 F.3d 1194, 1202–03 (9th Cir.2004) (additional citation and internal quotation omitted). A petitioner must establish a "clear probability" that he would be persecuted and prove it is "more likely than not" that he will be persecuted on account of a protected ground. *Id.*; 8 C.F.R. § 208.16(b) ("The burden of proof is on the applicant for withholding of removal ... to establish that his or her life or freedom would be threatened in the proposed country of removal on account of [a protected ground.]").

The agency did not refute Aroyan's claims that he was severely beaten and imprisoned on more than one occasion, and we have concluded that these actions were taken on account of Aroyan's political opinion. Aroyan therefore has presented substantial evidence that he was persecuted in Armenia on account of his political opinion, and he is entitled to a presumption that his life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). The burden then shifts to the government to show by a preponderance of the evidence that there has been a fundamental change in circumstances such that the petitioner's life or freedom would not be threatened. *Id.* However, since the agency never reached the question whether there was a clear probability that Aroyan's life or freedom would be threatened based on current conditions in Armenia, we must remand this matter for the BIA's consideration of this question. *INS v. Ventura*, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

C. *CAT Relief*

Aroyan's request for CAT relief is barred because it was not raised in the Notice of Appeal or the brief to the BIA. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1187 n. 1 (9th Cir.2005) (noting exhaustion requirement).

PETITION FOR REVIEW DISMISSED IN PART AND GRANTED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.