**Giovanni MOLINA–ESTRADA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–70216.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Submission Withdrawn Jan. 17, 2001.

Resubmitted·Jan. 23, 2002.

Filed Feb. 13, 2002.

Amended June 11, 2002.

Lori R.E. Ploeger, Cooley Godward LLP, Palo Alto, CA, for the petitioner, and Giovanni Molina–Estrada, Florence, AZ, pro se petitioner.

Anh–Thu Mai and Robbin K. Blaya, Washington, DC, for the respondent.

Before SNEED, GRABER, and PAEZ, Circuit Judges.

## ORDER AND AMENDED OPINION

GRABER, Circuit Judge.

### ORDER

The opinion filed February 13, 2002, is amended as follows:

On slip opinion page 2600, first full paragraph, replace the last two sentences, starting with "Even assuming" and ending with "attack took place," and footnote 1, with the following:

> See *Cruz–Navarro v. INS*, 232 F.3d 1024, 1028–29 (9th Cir.2000) (stating that persecution occurring because a person is a member of the military is not persecution on account of a statutory ground); *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000)

("[M]ilitary officials cannot claim political persecution arising solely from the performance of their duties."). Without any evidence that his father held a political opinion, Petitioner cannot establish that the guerillas imputed his father's alleged political opinion to him.

On slip opinion page 2601, first full paragraph, lines 2 and 6, replace the word "direct" before "evidence" with "compelling."

With these amendments, the panel has voted to deny the petition for panel rehearing. Judges Graber and Paez have voted to deny the petition for rehearing en banc, and Judge Sneed has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petition for panel rehearing and petition for rehearing en banc are DENIED.

## OPINION

Petitioner Giovanni Molina–Estrada asks us to decide whether the fact that he was 13 years old when he arrived in the United States in 1983 constitutes an "extraordinary circumstance" excusing his failure to file an application for asylum by the statutory deadline of April 1, 1998. We lack jurisdiction to decide that question. We also conclude that the Board of Immigration Appeals (BIA) correctly held that Petitioner was ineligible for cancellation of removal and conclude that substantial evidence supports the BIA's decision regarding the withholding of removal. Accordingly, we dismiss the petition in part and deny it in part.

## BACKGROUND

Petitioner Giovanni Molina–Estrada and his mother, who were citizens of Guatemala, together entered the United States from Mexico without inspection on February 25, 1983. Petitioner was 13 years old at the time. He has remained in the United States since then.

About 15 years later, Petitioner was arrested in Reno, Nevada, for driving under the influence of intoxicants. Thereafter, in April of 1998, the Immigration and Naturalization Service issued a Notice to Appear for removal proceedings. On July 20, 1998, Petitioner filed an application for asylum. He also sought cancellation of removal and withholding of removal. Petitioner admitted that he was in the United States illegally.

At his removal hearing, Petitioner testified to the following relevant facts. In December 1982, he was injured, and his father and cousin were killed, when guerillas bombed his family's house in Guatemala. After the attack, Petitioner and his mother hid at his grandmother's house in another city in Guatemala. According to his testimony, Petitioner's father, a captain in the National Order, was a "very powerful" force against the guerillas. After his father's death, the guerillas made telephone calls to the home of Petitioner's sister, threatening the family. Petitioner also testified that similar calls were made to his grandmother's house. Petitioner stated that his uncles and cousins still lived in Guatemala and that, during a recent call, they had told him that conditions were still dangerous.

The immigration judge (IJ) denied Petitioner's applications for cancellation of removal, asylum, and withholding of removal. The IJ found, first, that Petitioner's mother is not a permanent legal resident of the United States, a citizen of the United States, or an otherwise "qualifying relative" under the cancellation-of-removal statutes; as a result, Petitioner could not qualify for cancellation of removal. Sec-

ond, the IJ denied Petitioner's application for asylum because it was untimely filed. Finally, the IJ reviewed Petitioner's application for withholding of removal and concluded that Petitioner had not presented evidence that he had been persecuted on account of any of the statutory reasons, that the armed conflict in Guatemala had ended, that peace accords had been signed, and that Petitioner did not face persecution upon return to Guatemala.

Petitioner appealed the IJ's decision to the BIA. The BIA dismissed the appeal, adopting, for the most part, the IJ's reasoning. Neither the IJ nor the BIA questioned Petitioner's credibility.

## JURISDICTION

■ We lack jurisdiction to review the BIA's determination that no "extraordinary circumstances" excused Petitioner's untimely filing of his application for asylum. 8 U.S.C. § 1158(a)(3); *Hakeem v. INS,* 273 F.3d 812, 815 (2001); *see also* 8 U.S.C. § 1158(a)(2)(D)(excusing a late filing in "extraordinary circumstances"); 8 C.F.R. § 208.4(a)(5)(identifying events that qualify as "extraordinary circumstances").

■ We also lack jurisdiction to review a discretionary decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1229b(b)(1). However, we have jurisdiction to review the BIA's legal determination that Petitioner is statutorily ineligible for cancellation of removal. *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144–45 (9th Cir. 2002).

■ We have jurisdiction over the petition to review the BIA's dismissal of Petitioner's withholding-of-removal claim. 8 U.S.C. § 1252(a).

## STANDARDS OF REVIEW

■ We review for substantial evidence the BIA's decision whether to withhold removal. *Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). We review de novo the BIA's resolution of "purely legal questions." *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). Factual findings by the BIA are "conclusive" if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *Singh v. Ilchert,* 63 F.3d 1501, 1506 n. 1 (9th Cir.1995) (quoting 8 U.S.C. § 1105a(a)(4), now repealed); *see also Al–Harbi,* 242 F.3d at 888. "To obtain reversal, petitioner must show that 'the evidence not only *supports* that conclusion, but *compels* it.' " *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)); *see also Al–Harbi,* 242 F.3d at 888. Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's. *Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999); *Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996).

## DISCUSSION

### A. Cancellation of Removal

■ To be eligible for cancellation of removal, an alien who has not been admitted lawfully for permanent residence in the United States must establish, among other factors, "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, *parent,* or child, *who is* a citizen of the United States or *an alien lawfully admitted for permanent residence.*" 8 U.S.C. § 1229b(b)(1)(D)(emphasis added). Petitioner argued below that his removal would cause exceptional hardship to his mother who, he alleged, was a lawful permanent resident of the United States.

■ Petitioner presented no evidence of his mother's permanent-resident status.

INS records showed that his mother was *not* a lawful permanent resident. The BIA therefore correctly concluded that, as a matter of law, Petitioner was ineligible for cancellation of removal.

## B. *Withholding of Removal*

Title 8 U.S.C. § 1231(b)(3)(A) provides that an alien shall not be removed if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." An alien may establish the requisite threat through testimony alone. 8 C.F.R. § 208.16(b). Moreover, in this context the past is prologue to the future:

> If the applicant is determined to have suffered past persecution in the proposed country of removal on account of race, religion, nationality, membership in a particular social group, or political opinion, it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim.

8 C.F.R. § 208.16(b)(1)(i).

██ If the alien does not establish past persecution, however, the presumption of future persecution does not apply. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir.1999) (citing 8 C.F.R. § 208.13(b)(1)(i)). Instead, the applicant must "show a good reason to fear *future* persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Id.*

In this case, the IJ found, and the BIA agreed, that Petitioner's family had been attacked and that the attackers had targeted Petitioner's father because of his role in the National Order. But the IJ and the BIA also found that the attack was incident to general, ongoing civil conflict in Guatemala in 1982 and, for that reason, did not qualify as persecution "for any of the five statutory reasons."

The IJ also concluded, and the BIA agreed, that Petitioner had not established a reasonable fear of future persecution. Apparently relying on the "Guatemala— Profile of Asylum Claims & Country Conditions" report produced by the State Department in June 1997, which is contained in the record, the IJ found that the civil conflict in Guatemala had ended, that peace accords had been signed, and that there were some—but very few—incidents of violence continuing in Guatemala. Petitioner acknowledged that the civil conflict in Guatemala had ended, but said that he nevertheless feared future persecution in revenge for his father's role in the military more than 15 years earlier.

On appeal, Petitioner argues that the attack on his *father* qualifies as past persecution of *him* "on account of" two statutory grounds: (1) imputed political opinion and (2) membership in a particular social group.

### 1. *Imputed Political Opinion*

██ Petitioner first contends that the attack on the family home and the subsequent threats constituted persecution on account of his father's political opinion, which was imputed to him. "To establish imputed political opinion,'an applicant must show that his persecutors actually imputed a political opinion to him.'" *Navas v. INS*, 217 F.3d 646, 659 (9th Cir. 2000) (quoting *Sangha*, 103 F.3d at 1489).

██ In this case, the evidence is not such that it "would compel any reasonable factfinder to conclude that" Petitioner was subject to persecution because of imputed political beliefs. *Id.* at 657. Petitioner presented evidence of his father's military position. But he offered no evidence that his father held particular political beliefs, that the guerillas knew of or assumed any

such beliefs, or that they had made any statements suggesting that they attacked his father's home because of his father's political beliefs. *See Cruz–Navarro v. INS,* 232 F.3d 1024, 1028–29 (9th Cir.2000) (stating that persecution occurring because a person is a member of the military is not persecution on account of a statutory ground); *Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000) ("[M]ilitary officials cannot claim political persecution arising solely from the performance of their duties."). Without any evidence that his father held a political opinion, Petitioner cannot establish that the guerillas imputed his father's alleged political opinion to him.[1]

On this record, the IJ and the BIA did not err in concluding that Petitioner failed to prove that he had been targeted for persecution on account of an imputed political opinion.

### 2. *Membership in a Particular Social Group*

█ We have recognized that, in some circumstances, a family constitutes a social group for purposes of the asylum and withholding-of-removal statutes. *Mgoian v. INS,* 184 F.3d 1029, 1036–37 (9th Cir. 1999); *Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1576 (9th Cir.1986). *But see Estrada–Posadas v. INS,* 924 F.2d 916, 919 (9th Cir.1991) (holding that the concept of persecution of a social group does not encompass the persecution of a family). Assuming that Petitioner's family is "a particular social group" within the meaning of the statute, he has not established that he was persecuted "on account of" his family membership.

Although Petitioner was injured in the bombing of his family's house, there is no compelling evidence that the attackers knew that his father had a son or that they knew Petitioner was in the house at the time of the attack. That is, although he was a victim of the violence directed against his father, there is no compelling evidence that he was an *intended* victim.

Petitioner did testify that threatening telephone calls were made to his grandmother's and sister's houses after the attack, but he did not testify about the specific content of the calls or the nature of the threats. There is no evidence that the guerillas ever threatened *him.*

Although the evidence would *permit* a finding that Petitioner was persecuted on account of his family membership, it does not *compel* that finding. That being so, we conclude that substantial evidence supports the IJ's and the BIA's finding that Petitioner was not persecuted on account of membership in a particular social group.

### 3. *Future Persecution*

█ The conclusion that Petitioner failed to demonstrate a reasonable fear of future persecution is likewise supported by substantial evidence. The State Department's country conditions report for Guatemala states that the civil conflict ended in 1996, that the guerillas are being successfully reintegrated into "productive society," and that there was a "marked improvement in the human rights situation." In particular, the State Department report notes that, after the peace accords, the Department has seen no claims involving violence by guerillas "that could be attributed to political motives." Petitioner failed to present "credible, direct, and specific" countervailing evidence in support of his fear of future persecution. *Duarte de Guinac,* 179 F.3d at 1159. The only evidence pertaining to the likelihood of future

---

1. *Ventura v. INS,* 264 F.3d 1150, 1155–57(9th Cir.2001), is distinguishable. In that case, the evidence showed that the petitioner himself had "an identifiable political opinion" and that threats were addressed to him "personally."

**1096**

persecution was Petitioner's testimony that he had spoken with relatives who believed that the general situation in Guatemala remained dangerous.

■■ We have said that a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution. *Chand v. INS,* 222 F.3d 1066, 1078–79 (9th Cir.2000); *Borja v. INS,* 175 F.3d 732, 738 (9th Cir.1999) (en banc); *Garrovillas v. INS,* 156 F.3d 1010, 1017 (9th Cir.1998). Instead, we have required an " 'individualized analysis' of how changed conditions will affect the specific petitioner's situation." *Garrovillas,* 156 F.3d at 1017(quoting *Osorio v. INS,* 99 F.3d 928, 933 (9th Cir.1996)). Even in the face of a presumption of future persecution, a State Department report is relevant. *See Kumar v. INS,* 204 F.3d 931(9th Cir.2000) (relying on general reports on country conditions, produced by the State Department and Amnesty International, in analyzing changed conditions and how they affected the petitioner).

When, as here, a petitioner has *not* established past persecution, there is no presumption to overcome. *Duarte de Guinac,* 179 F.3d at 1159. In that situation, the IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.

On this record, the IJ and the BIA did not err in concluding that Petitioner failed to demonstrate a well-founded fear of future persecution.

**CONCLUSION**

The BIA correctly concluded that Petitioner was ineligible for cancellation of removal because his mother was not a lawful permanent resident.

Petitioner's application for asylum was untimely filed, and we lack jurisdiction to consider whether the BIA correctly concluded that the delay was not excused by "extraordinary circumstances."

Finally, substantial evidence supports the conclusion of the BIA and the IJ that Petitioner is not entitled to withholding of removal.

Petition DISMISSED in part and DENIED in part.