**Osman Manfredy MALDONADO DE LEON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70606.
INS No. A72–115–384.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM**

Osman Manfredy Maldonado de Leon ("Maldonado"), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(b). We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

156

■ Maldonado's asylum claim is based on a single conversation with two men who identified themselves as military police seeking information about Maldonado's employer. Maldonado claimed that he subsequently received vague and unfulfilled threats against himself and his family. These incidents do not compel a factfinder to conclude that Maldonado was persecuted. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

■ Maldonado's fear of future persecution is not objectively well-founded because he did not adduce "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991). In addition, Maldonado offered no evidence that his alleged persecutors imputed a political opinion to him. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir. 2002).

Because Maldonado failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**