**Rafael GONZALES–ZEPEDA, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72645.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Rafael Gonzales–Zepeda, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review findings of fact for substantial evidence and will uphold the decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 480–81, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

The IJ erred in finding Gonzales–Zepeda not credible solely because of his failure to provide corroborative evidence. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000). However, substantial evidence supports the BIA's finding that Gonzales–Zepeda did not suffer past persecution, or possess a well-founded fear of future persecution, on account of his membership in any statutorily protected group. *See* 8 U.S.C. § 1101(a)(42)(A).

The record does not compel the conclusion that Gonzales–Zepeda faces persecution due to imputed political opinion, not-

---

** This disposition is not appropriate for publication and may not be cited to or by the

withstanding his father's position in the military, absent evidence that his father held particular political beliefs or that guerillas knew of or assumed any such beliefs and imputed them to Gonzales–Zepeda. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002).

Substantial evidence also supports the conclusion that Gonzales–Zepeda's former membership in the civil patrol was insufficient to establish membership in a particular social group for the purpose of granting asylum. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir.2000).

Because he did not make the requisite showing for asylum, it follows that Gonzales–Zepeda failed to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.