**Diana B. ADAMOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Ernesto D. Adamos, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

**Nos. 02–74335, 02–74336.**
**Agency Nos. A76–857–749, A76–857–750.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Norma M. Molinar, Law Offices of Norma M. Molinar, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wendt-

land, John C. Cunningham, Hillel Smith, U.S. Department of Justice, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Diana Adamos and Ernesto Adamos, wife and husband, and natives and citizens of the Philippines, petition for review of orders of the Board of Immigration Appeals ("BIA") summarily affirming without opinion an immigration judge's ("IJ") order denying their respective applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(b). We deny both petitions.

Diana Adamos contends that the BIA's summary affirmance of the IJ's decision pursuant to the streamlining regulation at 8 C.F.R. § 1003.1(e)(4) violates her due process rights. This contention fails because the regulation found at 8 C.F.R. § 1003.1(e)(4) is in every material respect identical to that found at 8 C.F.R. § 1003.1(a)(7), and the latter does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–50 (9th Cir. 2003) (holding that the procedure under 8 C.F.R. § 1003.1(a)(7) does not violate due process).

Substantial evidence supports the IJ's denial of Diana Adamos's application for asylum because the single threat made against her, without more, does not constitute past persecution and she did not show sufficient credible, direct, and specific evidence to establish an objectively reasonable fear of future persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (discussing past threats as a basis for a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim of past persecution); *Mejia–Paiz v. INS*, 111 F.3d 720, 722–23 (9th Cir.1997) (discussing substantial evidence standard and what constitutes a well-founded fear of future persecution).

Substantial evidence supports the IJ's denial of Ernesto Adamos's application for asylum because he failed to show sufficient evidence to establish that he had an objectively reasonable fear of future persecution or that the New People's Army actually imputed any political opinion to him. *See Mejia–Paiz*, 111 F.3d at 723; *Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001). Moreover, the IJ properly relied on evidence of changed conditions in the Philippines in determining whether Adamos had a well-founded fear of persecution. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002).

In failing to satisfy the lower standard of proof for asylum, Diana and Ernesto Adamos necessarily failed to demonstrate eligibility for withholding of removal. *See Molina–Morales*, 237 F.3d at 1052.

Petitioners' other contentions are also without merit.

**PETITION FOR REVIEW DENIED in Appeal No. 02–74335.**

**PETITION FOR REVIEW DENIED in Appeal No. 02–74336.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.