**Salvador De Jesus TRUJILLO–TEO, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–71908.
Agency No. A70–817–389.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.**

Decided Feb. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reynold E. Finnegan, Esq., Finnegan & Diba, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marshall Tamor Golding, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM ***

Salvador de Jesus Trujillo–Teo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

We conclude that a reasonable factfinder would not be compelled to find that Trujillo–Teo established past persecution or a well-founded fear of future persecution on account of his actual or imputed political opinion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (holding that forced recruitment does not amount to persecution without a showing that it was "on account of" petitioner's political opinion); *Molina–Estrada v. INS*, 293 F.3d 1089, 1094–95 (9th Cir.2002) (holding that father's military service alone was neither political opinion, nor sufficient to establish imputed political opinion).

Because Trujillo–Teo failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir.2000).

PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

