**Maria Carmen CORONEL–ORTIZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70187.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM **

Maria Carmen Coronel–Ortiz, a native and citizen of Mexico, petitions for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision of an immigration judge ("IJ") denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the determination that a petitioner is statutorily ineligible for cancellation of removal for lack of a qualifying relative. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir.2002). We review for abuse of discretion an IJ's denial of a motion for a continuance. *Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir.2000). We deny the petition for review.

■ Petitioner's contention that the IJ erred when he found her statutorily ineligible for cancellation of removal for lack of a qualifying relative fails because the record shows that she did not have a qualifying relative at that time and the statute makes clear that the relative must qualify at the time the IJ adjudicates the application. *See Molina–Estrada*, 293 F.3d at 1093–94.

■ Petitioner's contention that the IJ should have continued her case to allow the immigration authorities to adjudicate her husband's application under the Legal Immigration Family Equity Act of 2000 fails because the record shows that she did not request the IJ to grant a continuance. Further, even if Petitioner had adequately requested a continuance, the IJ did not abuse his discretion by adjudicating Petitioner's application rather than continuing it indefinitely. *See Baires v. INS*, 856

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

F.2d 89, 91–93 (9th Cir.1988) (identifying relevant factors for analysis of denial of continuance); *see also* 8 C.F.R. § 1003.29 (IJ "may grant a motion for continuance for good cause shown").

Petitioner's contention that the BIA improperly streamlined her case is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003) ("where we can reach the merits of the decision by the IJ or the BIA, an additional review of the streamlining decision itself would be superfluous.").

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750–51 (9th Cir.2004), Petitioner's timely motion to stay removal included a timely request to stay voluntary departure. Because her motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**