**Baljit KAUR, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–72489.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.\*\*

Filed Jan. 18, 2008.

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Jeffrey Martins, Esq., Law Offices of Jeffrey Martins, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Kimberly A. Sanchez, Fresno, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM ***

Baljit Kaur petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. Because the BIA "reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We review for substantial evidence the BIA's determination that changed country conditions and the ability to relocate within India rebut the presumption that Kaur has a well-

founded fear of persecution, *see Marcu v. INS*, 147 F.3d 1078, 1081–82 (9th Cir. 1998), and we deny the petition.

The BIA relied on evidence that members of Akali Dal, the political group in which Kaur claims membership, are no longer persecuted. This individualized finding of changed country conditions rebuts Kaur's specific grounds for her well-founded fear of future persecution. *See Lopez v. Ashcroft*, 366 F.3d 799, 805 (9th Cir.2004); *Molina–Estrada*, 293 F.3d at 1096.

Additional substantial evidence supports the BIA's finding that Kaur does not have a well-founded fear of future persecution; Kaur testified that she lived elsewhere in India for ten months without incident, and it is therefore reasonable to conclude that internal relocation is a feasible option. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003); *Ochave v. INS*, 254 F.3d 859, 867–68 (9th Cir.2001).

In sum, it cannot be said that the evidence presented by Petitioner was "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

Because Kaur did not establish that she was eligible for asylum, she necessarily fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the BIA's denial of Kaur's CAT claim because Kaur was able to relocate within India, and because changed country conditions suggest

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading

Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

there is a de minimis risk that she will be subjected to torture if returned to India. *See* 8 C.F.R. § 208.16(c)(3)(ii), (iv); *Hasan v. Ashcroft,* 380 F.3d 1114, 1123 (9th Cir. 2004); *Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

We therefore conclude that the BIA's determination was supported by substantial evidence and that Kaur's asylum, withholding of removal, and CAT claims fail.

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.