Flavio Soares SIQUEIRA, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–73673.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Filed March 25, 2008.

Thipphavone P. Ark, Law Offices of Thipphavone Ark, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, Owen P. Martikan, San Francisco, CA, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Flavio Soares Siqueira, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002), and we deny the petition.

The record does not compel the conclusion that Siqueira's untimely filing of his asylum application should be excused. *See* 8 C.F.R. § 1208.4(a). Accordingly, we deny the petition as to Siqueira's asylum claim.

Substantial evidence supports the IJ's finding that Siqueira's fear of future persecution is not on account of a protected ground, but stems from his personal relationships with his former co-workers. *See Zayas–Marini v. INS,* 785 F.2d 801, 806 (9th Cir.1986). We reject Siqueira's argument that his co-workers from the police department attributed an anti-government

R.App. P. 34(a)(2).

corruption view to him because he never refused to accede to the corruption. *Cf. Desir v. Ilchert,* 840 F.2d 723, 727 (9th Cir.1988) (concluding that petitioner had established a nexus based on his refusal to accede to governmental corruption). Therefore, we deny the petition as to Siqueira's withholding of removal claim.

Substantial evidence supports the IJ's denial of CAT relief because the evidence does not compel a finding that it is more likely than not that Siqueira will be tortured upon returning to Brazil. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006). Furthermore, Siqueira's contention that the IJ erred by failing to properly address his CAT claim is belied by the record. *See Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995) (In determining whether the IJ provided a sufficient explanation for its findings, all that is required is that the IJ "provide a comprehensible reason for its decision sufficient for [this court] to conduct [its] review and to be assured that the petitioner's case received individualized attention.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.