Hugo Alberto **LOPEZ–LOPEZ,**
Petitioner,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

No. 06–74244.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Hugo Alberto Lopez–Lopez, Orange, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., Susan K. Houser, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

**MEMORANDUM** \*\*

Hugo Alberto Lopez–Lopez, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

Substantial evidence supports the BIA's denial of asylum because Lopez–Lopez did not establish that his encounter with unknown armed men in civilian clothes rose to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000). In addition, the record does not compel the conclusion that Lopez–Lopez's father was killed on account of a protected ground. *See Molina–Estrada v. INS,* 293 F.3d

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**134**

1089, 1094–95 (9th Cir.2002). Substantial evidence also supports the BIA's finding that Lopez–Lopez did not establish a well-founded fear of future persecution because he failed to show his fear was objectively reasonable. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because Lopez–Lopez did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence supports the agency's denial of CAT relief because Lopez–Lopez did not show it is more likely than not that he will be tortured if returned to Guatemala. *See Hasan v. Ashcroft*, 380 F.3d 1114, 1122–23 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.