MEMORANDUM **
Jose A. Chalin Santos, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Tor *702 ture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.
Substantial evidence supports the agency’s denial of asylum because petitioner failed to demonstrate that the incidents of attempted forced recruitment by guerillas established past persecution or a well-founded fear of future persecution on account of political opinion, real or imputed. See id. at 481-84, 112 S.Ct. 812. Further, substantial evidence supports the agency’s conclusion that, because country conditions had changed, petitioner did not show a well-founded fear of future persecution if he returned to Guatemala. See Molina-Estrada v. INS, 293 F.3d 1089, 1095-96 (9th Cir.2002).
Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the agency’s denial of CAT protection because petitioner failed to show it is more likely than not that he would be subject to torture if returned to Guatemala. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004). We reject petitioner’s contention that the IJ erred in assessing his eligibility for relief under CAT. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.