**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAURICIO ANTONIO GARCIA-
ORTIZ,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 08-75144

Agency No. A098-284-381

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

    Mauricio Antonio Garcia-Ortiz, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum and

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence factual findings, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008), and de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

We reject Garcia-Ortiz' contention that the denial of his asylum application as untimely violated his due process rights, because the applicable statutes and regulations provide aliens "adequate notice of procedures and standards that will be applied to their claims for relief." *Husyev*, 528 F.3d at 1182. Accordingly, Garcia-Ortiz' asylum claim fails.

Substantial evidence supports the BIA's determination that Garcia-Ortiz failed to establish that gang members harmed him on account of his membership in the particular social group of his family. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) (no compelling evidence the applicant was persecuted on account of his family membership); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Because Garcia-Ortiz failed to demonstrate he was persecuted, or fears persecution, on account of a protected ground, we deny the petition for review as to his withholding of removal claim.

**PETITION FOR REVIEW DENIED.**