**NOT FOR PUBLICATION**

OCT 17 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KLEDY ELIZABETH CANO-VILLATORO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-71691<br><br>Agency No. A076-854-094<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2013[**]
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Kledy Elizabeth Cano-Villatoro appeals the Board of Immigration Appeals's

("BIA") decision denying asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

The BIA's determination that Cano-Villatoro had not been persecuted for her family's membership in the Civil Patrol was supported by substantial evidence because Cano-Villatoro failed to demonstrate that the guerillas were aware of this membership and therefore the guerillas could not have persecuted her on that basis. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Nor did Cano-Villatoro establish that she was persecuted on account of her work experience as a nurse's assistant, because such work experience does not constitute an "immutable characteristic" under the BIA's decision in *Matter of Acosta*, 19 I. & N. Dec. 211, 232–33 (B.I.A. 1985), *overruled in part on other grounds by Matter of Mogharrabi*, 19 I. & N. Dec. 439 (B.I.A. 1987), and thus persons with such work experience do not constitute a particular social group. Moreover, the record contains no evidence that the guerrillas sought to persecute Cano-Villatoro because she worked as a nurse's assistant. Rather, as the BIA noted, the record reflects that the guerillas were recruiting Cano-Villatoro's help.

The agency's conclusion that Cano-Villatoro could not establish a well-founded fear of future persecution from the guerillas due to significant changes in Guatemala also was supported by substantial evidence in the record, including

2

evidence that the guerillas and Guatemalan government had entered into peace accords in 1996, and the 2003 Country Report's indication that the guerillas were not responsible for continuing human rights violations. *Cf. Molina-Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002). For the same reasons, the BIA's denial of Cano-Villatoro's application for withholding of removal was supported by substantial evidence. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Substantial evidence also supports the BIA's conclusion that Cano-Villatoro is not "more likely than not" to suffer torture if returned to Guatemala. 8 C.F.R. § 1208.17(a).

Finally, we reject Cano-Villatoro's argument that the BIA erred in applying 8 C.F.R. § 1240.26(i) to her retroactively. The regulation applied prospectively, because she was on notice that the grant of voluntary departure would terminate if she filed a petition for review. *See Garfias-Rodriguez v. Holder*, 702 F.3d 504, 525–27 (9th Cir. 2012) (en banc) ("Whenever the Attorney General decides not to permit voluntary departure, and thereby terminates a grant, it is a determination of the alien's eligibility for voluntary departure at that moment in time.").

**PETITION DENIED.**