**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER A. AYALA, AKA Walter Alexis Ayala Garcia, | Nos. 12-71086<br>13-73784 |
| Petitioner, | Agency No. A088-966-700 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Walter A. Ayala, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT") (No. 12-71086), and also petitions for review of the BIA's order denying his motion to reopen (No. 13-73784). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the BIA's denial of a motion to reopen. *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). We deny the petition for review in No. 12-71086 and grant the petition for review in No. 13-73784, and we remand.

The government's unopposed motions to extend time to file answering briefs in both petitions for review are granted. The briefs were filed on November 24, 2014.

With respect to petition No. 12-71086, substantial evidence supports the agency's determination that Ayala failed to establish past persecution because his experiences of receiving a death threat and dirty looks did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (record did not compel finding threats against petitioner constituted past persecution). Further, the record before the agency did not compel the conclusion that Ayala established a well-founded fear of persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002) (insufficient evidence).

Because Ayala failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

In addition, substantial evidence supports the agency's denial of CAT relief because Ayala failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

With respect to petition No. 13-73784, the BIA concluded Ayala did not show how changed country conditions in El Salvador warranted reopening, but discounted his declaration for lack of personal knowledge. The BIA abused its discretion in discounting Ayala's declaration. *See Bhasin*, 423 F.3d at 987 ("facts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable"). Thus, we grant the petition for review and remand for reconsideration of Ayala's motion to reopen, accepting the facts presented in his declaration as true. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Bhasin*, 423 F.3d at 989 (remanding where BIA improperly discounted testimony in petitioner's affidavit).

**NO. 12-71086: PETITION FOR REVIEW DENIED.**

**NO. 13-73784: PETITION FOR REVIEW GRANTED; REMANDED.**