**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSI DALIA SANCHEZ-BARRERA, REGILSON ALEXANDER LEMUS-SANCHEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, U.S. Attorney General, <br><br> Respondent. | No. 21-123 <br><br> Agency Nos. A202-131-172 <br> A202-131-173 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2023[**]
Pasadena, California

Before: CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

Rosi Dalia Sanchez-Barrera, a citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' (BIA) denial of her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). Sanchez-Barrera's son, Regilson Alexander Lemus-Sanchez, also a citizen of Guatemala, is a derivative applicant in Sanchez-Barrera's asylum claim only. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Our review is confined to the BIA's decision, except to the extent that the BIA incorporates the Immigration Judge's (IJ) decision as its own. *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002). We review the BIA's factual findings for substantial evidence, and "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Sanchez-Barrera alleges that the mayor of her municipality in Guatemala was involved in the murders of three family members and two incidents where she observed men searching around her home. She argues that the mayor's alleged motivation to harm her proposed particular social group— "members of the Lemus family"—constitutes a compelling showing of past persecution, fear of future persecution, and likelihood of torture to support a grant of asylum, withholding of removal, and CAT relief. Her arguments are not persuasive.

1. To be eligible for asylum, the applicant must demonstrate that she has suffered "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id*. While "the family remains the quintessential particular social

group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), an applicant still has the burden to prove that a nexus exists between the alleged persecution and familial association. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890-91 (9th Cir. 2021). An applicant seeking withholding of removal "must satisfy a more stringent standard" of demonstrating that it is "more likely than not" that she would suffer future persecution on account of a protected ground if she returned to her native country. *Duran-Rodriguez*, 918 F.3d at 1029.

Assuming that "members of the Lemus family" is a cognizable social group,[1] Sanchez-Barrera has failed to establish that the alleged murders of her family members or incidents around her home were on account of membership in the Lemus family. The BIA reasonably concluded that there was no compelling evidence of animus against the Lemus family during these incidents. Rather, the record reflects that the family members were murdered for unknown reasons or for reasons separate from familial association, such as an ongoing business rivalry or political differences. *See Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010) (holding that petitioner failed to prove a nexus where there was no evidence that his family members were murdered on account of a protected ground and where

---

[1] Given the lack of a nexus between the alleged past persecution and "members of the Lemus family," we need not address whether Sanchez-Barrera's proposed familial social group is cognizable. *See Santos-Ponce*, 987 F.3d at 891, n.3.

3

petitioner testified to a separate motivation for murders).

Also, Sanchez-Barrera offers no evidence to support her assertions that either her or her son's membership in the Lemus family was "one central reason" or even "a reason" that the men were allegedly searching around her home. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (drawing no distinction between the asylum statute's "one central reason" phrase and the withholding of removal statute's lesser "a reason" phrase when there is "no nexus at all").

Substantial evidence also supports the BIA's determination that Sanchez-Barrera did not establish a well-founded fear or likelihood of future persecution on account of association with her husband's family because members of the family—including three of Sanchez-Barrera's children and her husband's parents—continue to safely live in Guatemala without persecution. *See Aruta v. I.N.S.*, 80 F.3d 1389, 1395 (9th Cir. 1996) (holding evidence that "similarly situated members of the petitioner's family continued to reside without incident" in petitioner's native country substantially supports denial of asylum).

Because Petitioners failed to establish that the alleged murders or incidents around their home occurred on account of membership in the Lemus family, we affirm the BIA's denial of Petitioners' application for asylum and Sanchez-Barrera's application for withholding of removal.

**2.** Sanchez-Barrera has not made the requisite showing for CAT relief because she has not established "that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).[2] Neither Sanchez-Barrera's generalized country reports of corruption nor the news article detailing a feud between the mayor and a separate, unidentified "Lemus-Perez family" compels the conclusion that the mayor or any other government official in Guatemala would consent to or acquiesce in Sanchez-Barrera's torture if she returned to Guatemala. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (finding that generalized country reports and news clippings were insufficient to establish that the government would acquiesce in the torture of a specific petitioner).

The petition is **DENIED**.

---

[2] Although Sanchez-Barrera contends that the BIA failed to address her allegations that the mayor was behind the murders and home incidents, the BIA's opinion agreed with the IJ's decision, which specifically addressed Sanchez-Barrera's allegations concerning the mayor.