UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIMRANJOT SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-794

Agency No. A215-666-482

ORDER

Before: S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

Judges S.R. Thomas and Johnstone have voted to amend the memorandum disposition and to deny the petition for panel rehearing. Judge Bress has voted to grant the petition for panel rehearing.

The memorandum disposition filed on December 11, 2023 is amended as follows:

Delete the sentence reading:

We therefore remand for the agency to reevaluate Singh's asylum, withholding, and CAT claims to determine whether BJP members constitute government perpetrators under *Kaur*, and if so, whether the government rebutted the presumption of a nationwide threat under *Whitaker*.

Replace that sentence with the following:

We therefore remand for the agency to reevaluate Singh's asylum and withholding claims to determine whether BJP members constitute government perpetrators under *Kaur*, and if so, whether the government rebutted the presumption of a nationwide threat under *Whitaker*. We also remand to the BIA to reevaluate Singh's CAT claim, including his ability to relocate.

With the amendment, Respondent's petition for panel rehearing is **DENIED**.

No future petitions will be entertained.



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SIMRANJOT SINGH,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   22-794

Agency No. A215-666-482

AMENDED
MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.
Dissent by Judge BRESS.

     Petitioner Simranjot Singh, a native and citizen of India, petitions for review

of a decision by the Board of Immigration Appeals ("the BIA") affirming the

Immigration Judge's denial of asylum, withholding, and protection under the

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") and denying Singh's motion to reopen for consideration of new evidence. We have jurisdiction under 8 U.S.C. § 1252(a). As the parties are familiar with the facts, we do not recount them here. We grant the petition and remand as to asylum, withholding, and protection under the CAT, and deny the petition as to the motion to reopen.

We review factual findings for substantial evidence and questions of law de novo. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). Where, as here, the BIA "has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (as amended). We review the BIA's denial of a motion to reopen for abuse of discretion. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022).

I

The BIA's denials of asylum, withholding, and CAT protection each relied on its determination that Singh—although a victim of past political persecution at the hands of Bharatiya Janata Party ("BJP") members—could safely relocate to an area of India not controlled by the BJP, such as Delhi. As the BJP is the ruling party of India's national government, the BIA erred in failing to consider whether Singh was entitled to a presumption of a nationwide threat of persecution.

2

"[W]hen a petitioner suffers persecution at the hands of a major political party . . . the source of the persecution is the government itself." *Kaur v. Wilkinson*, 986 F.3d 1216, 1228 (9th Cir. 2021). And "where the applicant has established a well-founded fear of future persecution at the hands of the government, a rebuttable presumption arises that the threat exists nationwide." *Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019) (quoting *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003)); *see also* 8 C.F.R. § 1208.13(b)(3)(ii) .

Here, the BIA did not consider that the BJP controls India's national government or apply the presumption of a nationwide threat. On the contrary, the BIA adopted the IJ's findings that "Delhi is not controlled by the BJP." Had the BIA considered the nationwide presumption, the BIA would have needed to consider that the BJP "is the nation's government" and that "[i]t has never been thought that there are safe places within a nation when it is the nation's government that has engaged in the acts of punishing opinion that have driven the victim to leave the country." *Singh v. Moschorak*, 53 F.3d 1031, 1034 (9th Cir. 1995). Although the BIA did apply the presumption of a well-founded fear of persecution, that presumption is no substitute for the presumption of nationwide persecution. *Whitaker*, 914 F.3d at 661 (remanding where "[t]he BIA failed to

3

apply that nationwide presumption to Singh's asylum claim, even though it correctly afforded him the presumption of a well-founded fear of persecution"); *Melkonian*, 320 F.3d at 1070 (distinguishing between the two presumptions).

We therefore remand for the agency to reevaluate Singh's asylum and withholding claims to determine whether BJP members constitute government perpetrators under Kaur, and if so, whether the government rebutted the presumption of a nationwide threat under Whitaker. We also remand to the BIA to reevaluate Singh's CAT claim, including his ability to relocate.

## II

The BIA did not abuse its discretion by denying Singh's motion to reopen. The new evidence presented by Singh was not material because Singh's claim rests on his persecution as a Mann Party member, and the new evidence did not relate to persecution against Mann Party members. *See Tzompantzi-Salazar*, 32 F.4th at 703 ("[T]he agency may deny a motion to reopen if . . . the petitioner failed to introduce previously unavailable material evidence.") Accordingly, Singh's petition is denied as to the motion to reopen.

**PETITION GRANTED IN PART, DENIED IN PART, REMANDED**.

*Singh v. Garland*, 22-794

BRESS, Circuit Judge, dissenting.

I respectfully dissent from the decision to grant the petition for review as to the asylum, withholding of removal, and CAT claims. I would deny the petition in full.

Substantial evidence supports the denial of asylum and withholding of removal. Having found that the petitioner demonstrated past persecution, the BIA properly afforded the petitioner a rebuttable presumption of future persecution. Following our direction in *Singh v. Whitaker*, 914 F.3d 654 (9th Cir. 2019), the BIA conducted "a reasoned analysis with respect to [the] petitioner's individualized situation," *id.* at 661, and determined that the government rebutted the presumption by showing that Singh could safely and reasonably relocate within India to an area like Delhi. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (2018).

As part of its relocation analysis, the BIA considered and rejected the possibility that the petitioner would face a risk of future persecution because the BJP was a part of the national government. Citing the IJ's reasoning, the BIA explained that petitioner "is not a high-profile militant of the Mann Party, and . . . his pro-Khalistani views would not make him of interest to government authorities." And the BIA specifically rejected the petitioner's assertion "that the Immigration Judge did not consider the risk that he faces from the ruling BJP party." At the end of its

1

analysis, the BIA cited 8 C.F.R § 1208.13(b)(3)(ii), the very provision the petitioner argues the agency ignored by failing to address his concern that the BJP is part of the national government. Because the BIA properly afforded the petitioner the presumption of future persecution by the BJP upon relocation, this case is unlike *Singh v. Whitaker*, in which the BIA only considered whether authorities in Punjab would pursue the petitioner to a new location. 914 F.3d at 661.

Likewise, the BIA's analysis was consistent with *Kaur v. Wilkinson*, 986 F.3d 1216 (9th Cir. 2021). The BIA did what we directed it to do in that case: "conduct a thorough, individualized analysis of [the petitioner's] ability to relocate internally, placing the burden on the government as required under *Singh*." *Id.* at 1231. The rest of *Kaur*, including its direction about what constitutes "the government" for purposes of a past persecution analysis, is not relevant here, because the BIA treated the petitioner as having established past persecution.

Substantial evidence also supports the BIA's denial of CAT relief because Singh failed to show it is "more likely than not" that he would be tortured if returned to India. *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Singh has not alleged any past harm rising to the level of torture. *See Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021). Nor has Singh demonstrated a likelihood of future torture, especially considering his ability to safely relocate within India. The evidence thus

"does not compel the conclusion" that Singh will more likely than not be tortured if removed to India. *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

I therefore respectfully dissent from the grant of the petition as to the asylum, withholding of removal, and CAT claims.