Philiphus Rafael TAN; Lina
Tjiptadi, Petitioners,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 06–70124.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Robert G. Ryan, Esq., Law Offices of
Eugene C. Wong, P.C., San Francisco, CA,
for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
Jeffrey J. Bernstein, Esq., U.S. Depart-
ment of Justice Civil Div./Office of Immi-
gration Lit., Washington, D.C., for Re-
spondent.

Before: HAWKINS, RAWLINSON and
M. SMITH, Circuit Judges.

MEMORANDUM **

Philiphus Rafael Tan and Lina Tjiptadi,
natives and citizens of Indonesia, petition
for review of the Board of Immigration
Appeals' ("BIA") order dismissing their
appeal from an immigration judge's ("IJ")
decision denying their application for with-
holding of removal and protection under
the Convention Against Torture. We have
jurisdiction under 8 U.S.C. § 1252. We
review for substantial evidence, *Lolong v.
Gonzales,* 484 F.3d 1173, 1178 (9th Cir.
2007) (en banc), and we deny the petition
for review.

The IJ denied Tan's asylum application
claim as time barred. Tan does not chal-
lenge this finding in his opening brief.

Substantial evidence supports the BIA's
conclusion that the events that occurred to
the petitioners in Indonesia do not rise to
the level of past persecution, *see Prasad v.
INS,* 47 F.3d 336, 339 (9th Cir.1995). Fur-
thermore, even assuming the disfavored
group analysis set forth in *Sael v. Ash-*

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

*croft*, 386 F.3d 922, 927–29 (9th Cir.2004), applies to Chinese Christians seeking withholding of removal, the petitioners have not established a clear probability of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Finally, the record does not compel the conclusion that the ethnic and religious strife in Indonesia amounts to a pattern and practice of persecution against ethnic Chinese Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d at 1180–81. Petitioners' future fear of persecution is further undermined by the unharmed presence of similarly situated family members in Indonesia. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Finally, the record does not compel the conclusion that a political opinion would be imputed to the petitioners. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002).

Substantial evidence supports the agency's denial of CAT relief because the petitioners have not demonstrated that it is more likely than not that he will be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir. 2006)

**PETITION FOR REVIEW DENIED.**