**Manuel RALIOS; et al., Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–75263.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 1, 2009.

Philip James Smith, Nelson Smith, LLP, Portland, OR, for Petitioners.

Mary Jane Candaux, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Manuel Ralios and Andres Ralios Pol, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Mansour v. Ashcroft*, 390 F.3d 667, 671 (9th Cir.2004), and deny the petition for review.

Substantial evidence supports the agency's finding of no past persecution because the threats Ralios received generally did not constitute persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). In the absence of past persecution, Ralios is not entitled to a presumption of a well-founded fear of future persecution and substantial evidence supports the agency's finding that Ralios failed to show an objective basis for his fear of persecution given the current country conditions. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002). Accordingly, petitioners' asylum claim fails.

Because Ralios has failed to demonstrate eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour*, 390 F.3d at 673.

In light of our disposition regarding past persecution, we do not reach petitioners'

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

contention regarding humanitarian asylum. *See Sowe v. Mukasey*, 538 F.3d 1281, 1287–88 (9th Cir.2008) (only victims of past persecution are eligible for humanitarian asylum).

**PETITION FOR REVIEW DENIED.**