NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0804n.06

No.  08-4077

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 18, 2009**

LEONARD GREEN, Clerk

IBRAHIMA THIAW,                              )
                                             )
     Petitioner,                           )
                                             )
v.                                           )    ON PETITION FOR REVIEW OF A
                                             )    FINAL ORDER OF THE BOARD OF
ERIC H. HOLDER, JR., Attorney General,       )    IMMIGRATION APPEALS
                                             )
     Respondent.                           )
                                             )
                                             )
                                             )

Before:  SUHRHEINRICH, MCKEAGUE and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   Ibrahima Thiaw petitions for review of the Board of
Immigration Appeals' decision affirming the denial of his application for asylum and withholding
of removal.  We dismiss his petition in part and deny it in part.

I.

Thiaw is a native and citizen of Mauritania, and a member of its Fulani ethnic group.
According to Thiaw, ethnic Moor soldiers attacked his village in 1989, capturing and beating the
men.  Among other things, the soldiers burned Thiaw's leg in hot ashes and killed his father.  Thiaw
thereafter escaped to Senegal, where his mother and other relatives had been deported.  He remained
there for 11 or 12 years.

Thiaw claims to have first arrived in the United States in June or July 2001. He filed an application for asylum and withholding of removal on December 28, 2001. He voluntarily left the United States in November 2003 to visit his sick mother in Senegal. He returned from that trip on December 28, 2003, using a passport and visa that belonged to his cousin but that had been altered to bear Thiaw's photograph.

An asylum officer interviewed Thiaw in May 2005. During the interview, Thiaw said he arrived in the United States by boat, at Baltimore, Maryland in June 2001. He did not disclose his 2003 departure. The officer referred Thiaw's application to the immigration court. The Department of Homeland Security then issued a Notice to Appear charging him with being subject to removal. Thiaw appeared before an immigration judge (IJ) and conceded removability, but requested asylum and withholding of removal.

At his hearing, Thiaw testified for the first time that he had first entered the United States at JFK Airport in New York City on July 4, 2001, using his cousin's altered passport and visa. He disclaimed his prior assertion of arriving at Baltimore as an error made by an English-speaking friend who had assisted him with his asylum application. He attributed his failure to correct the error earlier to his fear of appearing inconsistent to the asylum officer.

The IJ did not credit Thiaw's testimony regarding his arrival, and noted that Thiaw produced no other evidence—besides the admittedly false passport itself—of where and when he first entered the United States. Consequently, the IJ concluded that Thiaw could not establish that he had filed his asylum application within one year of his entry. The IJ therefore denied Thiaw's asylum

application as untimely. The IJ also found that Thiaw had abandoned his asylum application by leaving the United States in 2003 and that asylum was not justified on the merits.

The IJ likewise denied Thiaw's application for withholding of removal, which Thiaw supported by testifying about events that occurred in 1989. Despite Thiaw's failure to report those events previously—which he also blamed on his friend's deficient assistance—the IJ deemed Thiaw's account "generally credible" and found that he had "just barely" proven that he had suffered past persecution in Mauritania. But the IJ found, based primarily on State Department reports, that conditions in Mauritania had changed to the extent that Thiaw was not likely to be subjected to future persecution there. (Order at 14-15, Apr. 18, 2007.)

Thiaw appealed to the Board of Immigration Appeals, which affirmed and supplemented the IJ's decision. This petition for review followed.

## II.

Because the Board adopted the IJ's reasoning and added comments of its own, we review the IJ's decision directly while considering the Board's comments. *Ceraj v. Mukasey*, 511 F.3d 583, 588 (6th Cir. 2007). We review legal questions de novo and factual findings for substantial evidence. *See id.* Under the substantial-evidence standard, "findings of fact are conclusive 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).

## A.

Thiaw challenges the IJ's finding that he abandoned his asylum application by leaving the United States in 2003. He also challenges one of the IJ's alternative merits findings, namely, that asylum was unnecessary because Thiaw had a safe harbor in Senegal.

Those challenges are moot, however, because they accompanied the IJ's determination that Thiaw's asylum application was untimely. Thiaw has not contested that determination, and we would not have jurisdiction over such a challenge in any event. *See* 8 U.S.C. § 1158(a)(3) (stripping courts of jurisdiction to review timeliness determinations); *Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006) (holding that exceptions to jurisdiction-stripping provision apply only to "constitutional claims or matters of statutory construction"). That determination is dispositive of Thiaw's asylum application, so we dismiss his petition to the extent that it seeks review of the IJ's denial of asylum.

B.

Thiaw also seeks review of the IJ's denial of his application for withholding of removal. Eligibility for withholding of removal is subject to a burden-shifting analysis. First, an applicant must show that his life or freedom would be threatened in the country of removal based on certain grounds, including race or nationality. If the applicant proves past persecution on such a ground, the IJ must presume a threat of future persecution. The government may rebut the presumption by showing a fundamental change in circumstances that eliminates the threat. Alternatively, regardless of past persecution, an applicant may simply attempt to show that he "more likely than not" would suffer future persecution. 8 C.F.R § 1208.16(b).

Here, the IJ found that Thiaw had proven past persecution, but also found—primarily relying on State Department reports—that circumstances in Mauritania had changed. Specifically, although the IJ recognized that "some ethnic and racial discrimination" continues in Mauritania, the IJ found, based on the reports, that "current country conditions do not include widespread persecution[,]" that "there are now free and generally democratic elections underway in that country[,]" and that many other late-1980s refugees had returned to Mauritania. Consequently, the IJ found that Thiaw, more likely than not, would not suffer future persecution in Mauritania.

Thiaw argues the reports do not rebut the presumption of persecution here, citing the Ninth Circuit's statement that "a State Department report on country conditions, standing alone, is not sufficient to rebut the presumption of future persecution when a petitioner has established past persecution." *Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). That statement was dicta, however, because the petitioner there had not established past persecution. Moreover, although such reports are not perfect sources of information, our court has said they "are generally the best source of information on conditions in foreign nations." *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004).

Whether a particular report is sufficient to rebut a presumption of persecution depends on the report and the facts of the case. Our court has repeatedly upheld IJ determinations based upon State Department reports concerning Mauritania. *See*, *e.g.*, *Koita v. Mukasey*, 314 F. App'x 839, 844-45 (6th Cir. 2009); *Sall v. Gonzales*, 239 F. App'x 975, 980-81 (6th Cir. 2007). The question, therefore, is whether Thiaw has shown that the report here was not supportive of the IJ's finding.

Thiaw has not made that showing. Instead, he offers only the conclusory assertion that "conditions in Mauritania have not significantly improved[.]" Pet. Br. at 14. That assertion affords us no basis to set aside the IJ's finding as to the unlikelihood of future persecution.

Nor did the IJ err, as Thiaw contends, by applying the more-likely-than-not standard instead of the more lenient well-founded-fear standard. Thiaw's reliance on *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987), an asylum case, is misplaced. *Cardoza-Fonseca* itself expressly recognized that the well-founded-fear standard does not apply in the withholding-of-removal context. *See id.* at 423 (citing *INS v. Stevic*, 467 U.S. 407, 428 (1984)); *see also* 8 C.F.R. § 1208.16(b)(1)(iii) (future persecution must be "more likely than not").

Substantial evidence supports the IJ's findings. We therefore deny Thiaw's petition as to his claim for withholding of removal.

C.

Finally, Thiaw urges us to remand this case for further proceedings in light of new information, not part of the administrative record, regarding a coup in Mauritania. Thiaw contends that this information undermines the IJ's withholding-of-removal findings. We are limited, however, to the record before us. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record"). Thiaw's proper recourse is to file a motion to reopen his removal proceedings in light of this information. We therefore deny his request for remand.

For the foregoing reasons, we dismiss Thiaw's petition in part and deny it in part.