NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| LIMBER POZUELOS, | ) | No. 08-74911 |
| | ) | |
| Petitioner, | ) | Agency No. A072-112-079 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ERIC H. HOLDER Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petition to Review an Order of the
Board of Immigration Appeals

Submitted July 13, 2010[**]
San Francisco, California

Before:     FERNANDEZ and TALLMAN, Circuit Judges, and HOGAN,[***]
District Judge.

Limber Pozuelos, a citizen of  Guatemala, petitions for review of the Board

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

of Immigration Appeals' denial of his application for asylum[1] and withholding of removal.[2] We deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S. Ct. 812, 815, 117 L. Ed. 2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.; see also Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003). When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483–84, 112 S. Ct. at 817. When an asylum claim is involved, an alien must show either past persecution or a well founded fear of future persecution that is "subjectively genuine and objectively reasonable." Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc); see also Gu v. Gonzales, 454 F.3d 1014, 1019 (9th Cir. 2006).

Pozuelos cannot meet his heavy burden. While Pozuelos was threatened in

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

his rural hometown and members of his family were harmed when they travelled from Guatemala City, where they had not been disturbed, to the guerrilla infested area that they had left, that evidence does not compel the conclusion that Pozuelos was persecuted or will be persecuted if he returns to Guatemala. See Canales-Vargas v. Gonzales, 441 F.3d 739, 744 (9th Cir. 2006) (threats); Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (threats); Molina-Estrada v. INS, 293 F.3d 1089, 1095 (9th Cir. 2002) (harm directed at family members); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991) (same). Moreover, it is noteworthy that no harm had come to the family members (and none came to him) in Guatemala City, where the family had resided since 1992;[3] rather, the family had been safe in Guatemala City for sixteen years.[4] Thus, the BIA could deny relief.

Because the BIA determined that Pozuelos did not meet the requirements for a grant of asylum, it properly determined that he did not meet the requirements for withholding of removal either. See Gonzalez-Hernandez, 336 F.3d at 1001 n.5; Fisher, 79 F.3d at 965.

Petition DENIED.

---

[3]See Hakeem v. INS, 273 F.3d 812, 816–17 (9th Cir. 2001); Mendez-Efrain v. INS, 813 F.2d 279, 282, 283 (9th Cir. 1987).

[4]See Gonzalez-Hernandez v. Ashcroft, 336 F.3d 995, 999 (9th Cir. 2003).