**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZAINAB PATRICIA FONUA ALI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-70655

Agency No. A078-654-688

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Zainab Patricia Fonua Ali, a native and citizen of Fiji, petitions for review of

the Board of Immigration Appeals' order summarily affirming an immigration

judge's ("IJ") decision denying her application for asylum and withholding of

removal. We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the IJ's determination that Ali did not establish past persecution in Fiji based on the disruption of Ali's education and temporary food shortages caused by the 1987 coup in Fiji, *see Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (discrimination and harassment does not rise to the level of persecution), or the sabotage of her father's trucks, the loss of her father's business, and the eviction of her grandmother by native Fijians, *see Wakkary*, 558 F.3d at 1060 (petitioner must demonstrate harms to family were part of a pattern of persecution closely tied to petitioner to make a showing of past persecution), even as a result of experiencing several of these events as a child, *see Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045-46 (9th Cir. 2007) (agency must consider the age of the petitioner at the time of the past harm). Substantial evidence also supports the IJ's determination that Ali did not demonstrate a well-founded fear of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency is entitled to rely on all relevant evidence in the record, including state department reports, in considering whether the petitioner has demonstrated good reason to fear future persecution). We reject Ali's contentions that the IJ applied

improper legal standards when evaluating whether she established past persecution or otherwise demonstrated a well-founded fear of persecution because the IJ properly considered the harm to Ali's family, Ali's age at the time, and whether in the absence of past persecution, Ali's fear of future persecution was objectively reasonable. *See Wakkary*, 558 F.3d at 1059-62; *Hernandez-Ortiz*, 496 F.3d at 1045-46. Accordingly, Ali's asylum claim fails.

Because Ali failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**