**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUSUF KARIM, | No. 10-73918 |
| Petitioner, | Agency No. A095-630-105 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Yusuf Karim, a native and citizen of Indonesia, petitions for review of a

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application withholding of removal and protection

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo the agency's legal determinations. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We deny the petition for review.

Karim claims the police hit him once with a stick during a student demonstration, and that Muslim extremists threatened him on at least five occasions. Substantial evidence supports the agency's determination that Karim failed to demonstrate past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution). We reject Karim's contention that the agency failed to consider the cumulative effect of the harms he suffered. Further, as Karim has not established past persecution, he is not entitled to a presumption of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002).

Substantial evidence supports the agency's conclusion that Karim failed to demonstrate it is more likely than not he will face persecution from Muslim extremists or the police. *See id.* (agency is "entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution"). Substantial evidence also supports the agency's finding that Karim failed to

establish he will be harmed by Muslim extremists for having lived in the United States. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution is too speculative). Accordingly, Karim's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT protection because Karim failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the Indonesian government upon return. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**