**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| VAHAN KHACHATRYAN, | No. 09-72565 |
| Petitioner, | Agency No. A097-859-441 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2013
Pasadena, California

Before: PREGERSON, BERZON, and CHRISTEN, Circuit Judges.

Vahan Khachatryan, a native and citizen of Armenia, appeals an order from

the Board of Immigration Appeals ("BIA") denying his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT") based on political persecution. The BIA found no clear error either in the

Immigration Judge's ("IJ") adverse credibility finding or in the IJ's determination

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that Khachatryan failed to meet his burden of proof to establish eligibility for relief. The BIA also agreed with the IJ that the record contains insufficient evidence that Khachatryan would more likely than not be tortured upon return to Armenia. We deny the petition.

Because Khachatryan submitted his application before May 11, 2005, it is not governed by provisions of the REAL ID Act. *See Zamanov v. Holder*, 649 F.3d 969, 973 n.2 (9th Cir. 2011). Where, as here, the BIA "has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). Adverse credibility findings are reviewed for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002), and will be upheld unless the evidence compels a contrary result, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). The IJ or BIA must identify specific, cogent reasons for an adverse credibility finding, and those reasons must strike at the heart of the claim. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006). Denial of relief under CAT is reviewed for substantial evidence. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).

Substantial evidence supports the IJ's and BIA's adverse credibility determinations, and the reasons underlying those determinations strike at the heart

of Khachatryan's asylum and withholding of removal claims. For example, Khachatryan offered vague testimony regarding his political work. He testified that in 2000 he started sharing his political views with local members of the Armenian Popular Party ("APP"). When asked by the IJ what views he shared, he responded that the APP "was the only party according to my view that was fighting for people's interest." When asked why he felt that the APP was advocating for the people's interest as opposed to other groups, he responded that "I could see and everybody could see that this is the party whose ideas would be for people." Khachatryan also said that he traveled from city to city and gave speeches at APP rallies. When asked what he spoke about at the rallies, he said "[t]his is the only party taking, thinking of people trying to do something to create more for people so that people can live better."

Khachatryan also offered vague testimony about the "youth committee" that he chaired. When asked about the committee's function, he said that "[w]e were educational training capacity for the youth." When asked about what types of education, he responded, "[i]n any sphere. So that they would serve the people, society." The IJ responded: "[t]hat doesn't tell me anything," and "I've got to understand what this youth committee is all about." Khachatryan then was asked what the committee did, and he replied "[o]rganization of things to make sure that

3

new generation was on the right path. If they have some problems at school so that the youth would be on the right path."

Khachatryan also offered inconsistent testimony. For instance, he claimed that he was shot, variously, in his "left leg," "right ankle," and "foot."

In addition to Khachatryan's vague and inconsistent testimony, he also admitted pleading guilty to forgery after initially denying the conviction at his merits hearing. This further undermines his credibility. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir. 2004).

Substantial evidence also supports the denial of Khachatryan's CAT claim. Khachatryan's CAT claim is based on the same evidence that the BIA and IJ determined was not credible in evaluating his asylum claim. Moreover, Khachatryan did not provide additional evidence that he would be tortured if he returned to Armenia. The record therefore does not compel this court to conclude that he will more likely than not be tortured if he were to return to Armenia.

**PETITION DENIED.**