**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALBERTO GONZALEZ, | No. 09-73954 |
| Petitioner, | Agency No. A072-680-861 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Carlos Alberto Gonzalez, a native and citizen of Guatemala, petitions for

review of the decision of the Board of Immigration Appeals, denying his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's determination unless the evidence compels a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We deny the petition for review.

Gonzalez contends that he suffered past persecution when guerrillas repeatedly attempted to recruit him, and fears future persecution from gangs who target Guatemalans returning from the United States. Petitioner testified that he was not detained, harmed, or directly threatened by the guerillas. Substantial evidence supports the agency's determination that petitioner failed to establish past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence also supports the agency's determination that petitioner failed to establish a well-founded fear of future persecution in light of changed country conditions following the 1996 peace accords. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). In addition, petitioner's speculative fear of future gang activity and persecution does not serve as a basis for asylum relief. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008).

Because petitioner failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because petitioner did not establish that it was more likely than not that he will be tortured by or with the acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Gonzalez's contends that he was denied due process by the BIA "rubberstamping" the immigration judge's decision. This contention is belied by the BIA's decision which carefully explained the reasons for its denial of petitioner's application.

**PETITION FOR REVIEW DENIED.**