NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO ESCOBAR VALENCIA, AKA Alfredo Escobar, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70892 <br><br> Agency No. A095-135-975 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2019**
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,*** District Judge.

Jose Alfredo Escobar Valencia ("Escobar"), a native and citizen of El

Salvador, seeks asylum, withholding of removal, and protection under the

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

***        The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Convention Against Torture ("CAT").  The Immigration Judge ("IJ") granted

Escobar relief on all three grounds, but the Board of Immigration Appeals ("BIA")

reversed, giving relief on none.  Escobar petitioned our court for review.  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

**1.**     The BIA denied Escobar's application for asylum and withholding of

removal on the grounds that he did not demonstrate past persecution or a well-

founded fear of future persecution.  Substantial evidence supports the BIA's

determinations.  *See Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)

(denials of claims of asylum and withholding of removal reviewed for substantial

evidence).

As to past persecution, Escobar contends that he was "beaten many times as

a teenager" in El Salvador.  But as the BIA found and as the record supports, there

is no evidence concerning the severity or the frequency of the beatings.  Escobar

was unable to detail a single incident when asked.  Escobar's conclusory testimony

does not compel a finding of past persecution.  *See Wakkary v. Holder*, 558 F.3d

1049, 1059–60 (9th Cir. 2009) (being beaten by youths, robbed of sandals and

money, and accosted by a threatening mob did not compel a finding of past

persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1017–18, 1020 (9th Cir. 2004)

(applicant who was beaten ten times with a rubber pipe and detained three days by

Chinese police due to unsanctioned religious practices did not establish past

persecution); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (a reasonable fact finder would not be compelled to find past persecution when the applicant was stopped at a road block, arrested, beaten, and detained for several hours but when he did not require medical treatment and there was no evidence that the government had a continuing interest in the applicant).

Escobar also urges that "[g]ang members killed his father and brother" because they were police officers, showing past persecution. As an initial matter, Escobar's father died of natural causes. As to the brother, Escobar speculated that gang members killed his brother because of his occupation, but Escobar ultimately testified that he did not know their motives. The killing of Escobar's brother for "unknown reasons" does not compel a finding of persecution. *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). Escobar has not shown that the harm to his brother was "part of 'a pattern of persecution closely tied to' [Escobar] himself, as we have required." *Wakkary*, 558 F.3d at 1060 (quoting *Arriaga–Barrientos*, 937 F.2d at 414).

As to a well-founded fear of future persecution, Escobar testified that he fears that gangs will harm him if he returns to El Salvador, with his fear being a result of his father's and brother's former occupations as police officers. But both his father and brother have been deceased for more than fifteen years. Escobar has no other family in El Salvador. And Escobar has not been to El Salvador in 20

3

years.  The record is devoid of evidence, beyond Escobar's speculation, that anyone in El Salvador would recognize him, much less harm him, if he were returned to the country.  Moreover, although Escobar may generally fear gangs in El Salvador, that is insufficient to establish a well-founded fear.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (en banc); *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000); *see also Gonzalez v. Holder*, 420 F. App'x 703 (9th Cir. 2011).[1]

**2.**      The BIA denied Escobar's CAT claim on the ground that he did not establish that it was more likely than not that he would be tortured with government acquiescence if returned to El Salvador.  Substantial evidence supports that determination.  *See Ling Huang*, 744 F.3d at 1152 (denial of CAT relief reviewed for substantial evidence).

Escobar has presented no evidence that the Salvadoran government would acquiesce in torture.  Although the police did not apprehend Escobar's brother's killer, they investigated the death and Escobar has not alleged that the investigation was somehow deficient.  Failing to catch a criminal perpetrator after an

---

[1] Escobar also contends that the BIA gave too little deference to the IJ's factual finding that Escobar has a well-founded fear of future persecution.  Escobar is incorrect.  The BIA explained over two lengthy paragraphs, with citations to the record, why the IJ's finding was clear error.  The BIA's explanation was sufficient and gave proper deference to the IJ's finding.  *See Ridore v. Holder*, 696 F.3d 907, 917 (9th Cir. 2012).

4

investigation is insufficient to establish government acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Further, while the Salvadoran government is not effective in controlling gangs in all instances, that, alone, is insufficient to establish government acquiescence. "[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Id.* Here, the country conditions evidence demonstrates that the Salvadoran government has taken steps to try to combat the gang violence and corruption that is plaguing the nation. *See* U.S. Dep't of State, *El Salvador Country Report on Human Rights Practices for 2016*, at 2, 5–6, 11 (last modified Apr. 12, 2017), https://www.state.gov/documents/organization/265798.pdf[2]; *see also Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam).

\* \* \*

Because substantial evidence supports the BIA's decision, we deny Escobar's petition for review.

**DENIED.**

---

[2] The IJ took judicial notice of this report.