NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL MEDINACAVIZUELA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 17-72879

Agency No. A205-714-741

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[***] District Judge.

Samuel Medina Cavizuela, a Mexican citizen, timely petitions to reverse the

Board of Immigration Appeals' decision to uphold an immigration judge's denial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

of Medina Cavizuela's application for withholding of removal and protection under the Convention Against Torture. We deny the petition.

The panel has jurisdiction to review the BIA's decision under 28 U.S.C. § 1252. When "the BIA has reviewed the [immigration judge's] decision and incorporated portions of it as its own, [the panel] treat[s] the incorporated parts of the [immigration judge's] decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

We "must uphold the Board's conclusion that [an undocumented immigrant] is ineligible for relief if that determination is supported by 'substantial evidence.'" *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011). Under this standard, we may reverse the BIA's withholding of removal decision "only if the applicant shows that the evidence *compels* the conclusion that the . . . decision was incorrect." *Id.* (quoting *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006)); *see id.* at 1053. Similarly, "[t]he Board's denial of an applicant's CAT claim will be overturned only if the evidence would compel a reasonable factfinder to conclude that it is more likely than not that the [undocumented immigrant] will be subjected to torture." *Id.*

Medina Cavizuela was born in Sinaloa de Leyva and grew up in Culiacán, in the Mexican state of Sinaloa. He unlawfully entered the United States in 1998, when he was 19 years old. Following several DUI convictions, the Department of

Homeland Security initiated removal proceedings against him in 2014. Medina Cavizuela admitted to the immigration charges and conceded his removability. He then applied for withholding of removal and protection under the CAT.

At a merits hearing, Medina Cavizuela testified that while in Mexico in the 1990s, he had been physically attacked three times and verbally harassed because he is gay. On one occasion, Medina Cavizuela suffered a cut lip that required stitches, but he was not physically injured in the other attacks. In 2012 or 2013, Medina Cavizuela's brother was murdered by an unknown assailant. Medina Cavizuela testified that his family has not been further physically harmed since he left Mexico, even though Medina Cavizuela claims his harassers also threatened his family.

The immigration judge denied Medina Cavizuela's request for withholding of removal based on a finding that Medina Cavizuela was not credible. The immigration judge pointed to several discrepancies between Medina Cavizuela's oral testimony and two written declarations he had submitted in support of his application. Medina Cavizuela was unable to sufficiently explain these discrepancies.

On appeal, the BIA held that the immigration judge had not clearly erred in finding Medina Cavizuela not credible, given the inconsistencies in his testimony and his inability to satisfactorily explain those inconsistencies. On this basis, the

BIA affirmed the immigration judge's decision and dismissed Medina Cavizuela's appeal. Medina Cavizuela timely filed a petition for review.

The immigration judge's adverse credibility finding withstands scrutiny under the deferential substantial evidence standard of review. It is uncontroverted that Medina Cavizuela's testimony is internally inconsistent. For example, Medina Cavizuela orally testified that he was first attacked in 1990 and had been threatened with a knife once, but had not been physically harmed. But in one of his declarations, he stated that he had been attacked in middle school with a knife three times, while in another declaration he testified that this harassment during middle school did not go beyond name-calling and pushing. Similarly, regarding a 1997 attack, Medina Cavizuela testified at the hearing that he had only seen a knife and that it was his sister who had seen a gun being pointed at Medina Cavizuela. But in one of his declarations, Medina Cavizuela testified that the gun had been pointed at his sister.

Medina Cavizuela now tries to explain these discrepancies by stating that (1) the events were traumatic; (2) he did not remember some of the incidents he described at the hearing when he was drafting his declarations; and (3) his counsel failed to develop the record to resolve seemingly inconsistent statements. When measured against the record before the panel, the first two arguments do not overcome the "extremely deferential" substantial evidence standard of review.

4

*Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The immigration judge was entitled to find them unreasonable. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (holding that the immigration judge reasonably rejected petitioner's testimony explaining the material omission in his application because he would have been aware of those events at the time of his application). And the last argument is not properly developed as an ineffective assistance of counsel claim.

To the extent Medina Cavizuela's arguments about CAT protection are based on the same statements deemed to be not credible, these arguments also fail. *See id.* at 1156–57. The only other evidence Medina Cavizuela discusses is a country conditions report on Mexico previously submitted to the immigration court. While the report does show that there are still some problems regarding Mexican society's treatment of gay men, the report also supports the immigration judge's statement that "torture is against the law in Mexico, and while there are incidents of it occurring, the supporting documents offered by [Medina Cavizuela] do not indicate that it is so widespread as to constitute a likelihood that [Medina Cavizuela] will be tortured by the government or with the government's acquiescence in Mexico." Thus, Medina Cavizuela's CAT arguments also fail to the extent they rely on this separate evidence.

The immigration judge did not err by finding Medina Cavizuela not credible, and its decision is supported by substantial evidence. This conclusion is sufficient

to deny Medina Cavizuela his requested relief and we do not address his other arguments.

The petition is **DENIED**.