**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIA-SHEN HE, AKA Jiasheng He, | No.    20-70450 |
| Petitioner, | Agency No. A209-393-307 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2022**
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Jia-Shen He, a native and citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) denial

of his application for asylum and withholding of removal.  We have jurisdiction

under 8 U.S.C. § 1252.  We deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. He did not waive his challenge to the BIA's decision by focusing the arguments in his opening brief on the IJ's decision. If "the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir. 2002) (citations omitted). Because He's brief focused primarily on the IJ's reasoning behind issues referenced by the BIA, He did not waive review of the BIA's decision.

2. Substantial evidence supports the agency's adverse credibility finding. The agency provided specific and cogent reasons for its adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). He's misrepresentation of himself as a student on two visa applications in 2011 and the implausibility of the timeline of his religious persecution and flight from China support the IJ's finding that He was not credible. *See Li v. Garland,* 13 F.4th 954, 961 (9th Cir. 2021) (holding that an asylum applicant's submission of false information regarding her employment history on a previous visa application supported an adverse credibility determination); *Lalayan v. Garland*, 4 F.4th 822, 837 (9th Cir. 2021) ("Factual findings, including implausibility findings, 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (citation omitted)). Further, He's failure to corroborate his story by providing supporting

2

documentation from his cousin, who was arrested at the same house church gathering as He, or his aunt, with whom he lives and attends church, weighed against his credibility. *See Singh v. Holder,* 638 F.3d 1264, 1270–71 (9th Cir. 2011) ("[I]f the asylum seeker whose credibility has been questioned testifies that his family was subjected to atrocities in their home, and corroboration is readily available because members of the family live with him . . . it is reasonable to question his credibility if none of them testify to corroborate his account."); *Lai v. Holder*, 773 F.3d 966, 976 (9th Cir. 2014) (noting that notice to the petitioner and the opportunity to provide corroborative evidence or explain why it is unavailable is needed only "when an IJ's other reasons for finding an asylum applicant not credible are not supported by substantial evidence").

The IJ erred in determining that the fact that He listed a family member's Los Angeles address on his bond for release from Department of Homeland Security custody weighed against He's credibility, given that He updated his address to Hawaii upon moving there after his release. Because we consider the "'totality of the circumstances,'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), when reviewing an adverse credibility determination, we nevertheless uphold the IJ's conclusion.

3. Because "an IJ's decision is ordinarily reviewed by a three-member panel," *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir. 2003), He's

3

argument that the BIA's use of a three-member panel in this case constitutes evidence of clear error by the IJ lacks merit.

**PETITION DENIED.**