NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM UVALDO REYES DIAZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    21-70332

Agency No. A205-743-891

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2023\*\*

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

William Uvaldo Reyes Diaz (Reyes), a native and citizen of Guatemala,

seeks review of the Board of Immigration Appeals' (BIA's) decision affirming an

Immigration Judge's (IJ's) denial of asylum, withholding of removal, and

protection under the United Nations Convention Against Torture (CAT).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

Reyes entered the United States without inspection in 2004. The government charged him with removability in 2017. Reyes conceded removability and filed an application for asylum, withholding of removal, and CAT protection. Before the IJ, Reyes testified that he might face gang violence if removed to Guatemala based on his participation in a Catholic youth group that encouraged existing 18th Street gang members to leave the gang, and discouraged others from joining the gang. Reyes explained that shortly before he left Guatemala, suspected gang members kidnapped his brother for a week, and that this brother ultimately died of an illness soon after he was found. Reyes testified that gang members directly threatened to kill him unless he joined the gang, and once conducted a drive-by shooting of his home. According to Reyes, he and his father reported these events to local police, who took reports but did not investigate further.

The IJ determined that Reyes was a credible witness but denied all forms of relief. She concluded that Reyes's application for asylum was time-barred, that Reyes was not eligible for withholding in part because he did not carry his burden to show that his fear of persecution was based on a protected ground, and that Reyes was not eligible for CAT protection because he could not demonstrate past torture, a likelihood of future torture, or government acquiescence in any torture. The BIA affirmed.

Where, as here, "the BIA 'has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's.'" *Maie v. Garland*, 7 F.4th 841, 845 (9th Cir. 2021) (quoting *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002)). "Thus, we refer to the [BIA] and IJ collectively as 'the agency.'" *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We review the agency's findings of fact for substantial evidence and its conclusions of law de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that [the agency's] findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)).

1.      The agency correctly determined that Reyes's application for asylum was untimely.[1]  Typically, an asylum application must be filed within one year of entering the United States.  8 U.S.C. § 1158(a)(2)(B).  But this time limit can be excused if an applicant can demonstrate "the existence of changed circumstances

---

[1] We usually lack jurisdiction to consider the agency's determinations about the timeliness of an asylum application. *See* 8 U.S.C. § 1158(a)(3).  But we retain jurisdiction to consider questions of law related to the timeliness of such an application, including whether undisputed evidence constitutes "changed circumstances" that could warrant tolling the limitations period. *Id.* § 1158(a)(2)(D); *Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* § 1158(a)(2)(D).

Before the IJ, Reyes's counsel acknowledged that Reyes filed the asylum application more than twelve years after entering the United States and declined to make any argument that changed circumstances or extraordinary circumstances could justify the delay. In pro se briefing before both the BIA and this court, Reyes asserts that he had presented evidence of a "material change in circumstances" that the IJ declined to consider. But he fails to acknowledge his counsel's prior waiver of the asylum claim or point to specific evidence showing changed circumstances. Thus, we deny the petition with respect to Reyes's asylum claim.

2.      Substantial evidence supports the agency's determination that Reyes did not establish a nexus between his fear of future persecution and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021) ("A withholding of removal applicant . . . must prove only that a cognizable protected ground is 'a reason' for future persecution." (citation omitted)). Reyes argues that he experienced persecution on account of his Catholic faith and membership in a youth group that opposes gang affiliation and violence. *See* 8 U.S.C. § 1231(b)(3)(A) (religion and membership in a particular social group are protected grounds). But he has not established that membership in those groups

4

was or will be "a reason" for past or future harm.

Reyes alleged that gang members threatened him with spray paint messages, but testified that the messages said only that the gang was "looking for [him] to kill [him] because [he] didn't want to become a part of their gang." *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) ("minor Christian males who oppose gang membership" is not a protected ground where the group lacks particularity and social visibility). Likewise, Reyes testified that when gang members came to his house and threatened him verbally, it was "because [he] wasn't paying attention to them." *See id.* Finally, Reyes did not indicate any reason why gang members conducted a drive-by shooting of his house or kidnapped his brother. Accordingly, the record does not compel a conclusion contrary to the agency's finding that the harm Reyes experienced was not on account of a protected ground.[2]

---

[2] Reyes did testify that gang members wanted to kill him because he "was part of a church youth organization and I was trying to help the youth get out of the gangs," but he did not explain how this alleged motivation was tied to any specific threats or harm he or his family has experienced. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsistent conclusions from the evidence."). And the record does not compel a conclusion that any such motivation would be a reason for future harm. *Cf. Rios v. Lynch*, 807 F.3d 1123, 1126 (9th Cir. 2015) (finding "little likelihood that [petitioner] would be persecuted as a result of his religious beliefs" where petitioner "had never been threatened or harmed *due to* his religious affiliation and did not engage in proselytizing efforts" (emphasis added)).

3.    To the extent Reyes challenges the agency's CAT determination, substantial evidence also supports the agency's finding that Reyes has not established past torture or a likelihood of future torture.  *See Garcia* 988 F.3d at 1139–40, 1148 (finding that past death threats and kidnapping are not sufficient to compel a likelihood of future torture).

**PETITION DENIED.**